IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:08-664-HMH |
| vs. | ) | |
| | ) | |
| Quinton Ryan Kelley, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Quinton Ryan Kelley's ("Kelley") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Kelley's § 2255 motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

On October 21, 2008, Kelley pled guilty to one count of possession with intent to distribute 5 grams or more of cocaine base and one count of being a felon in possession of a firearm. Rodney Richey ("Richey") represented Kelley at plea and sentencing. On April 13, 2009, Kelley was sentenced to 70 months' imprisonment. Kelley did not appeal his conviction and sentence. Kelley filed the instant § 2255 motion on April 15, 2010.[1]

In his § 2255 motion, Kelley alleges that his counsel was constitutionally ineffective in advising him that he "had to plead guilty that [it] was for the best." (Kelley § 2255 Mot. 5.) The court will address this claim below.

II. DISCUSSION OF THE LAW

Kelley argues that his counsel was constitutionally ineffective for advising him to plead guilty. (Id.) In order to successfully challenge a conviction or sentence on the basis of

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

ineffective assistance of counsel, Kelley must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Kelley must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

"Counsel may . . . advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances." United States v. Cronic, 466 U.S. 648, 656-57 n.19 (1984). Kelley's conclusory allegations fail to show that his counsel acted in an objectively unreasonable manner in recommending that Kelley plead guilty.

In addition, a defendant can challenge the voluntary and intelligent character of the guilty plea by demonstrating that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). Kelley's claim "is properly construed not as a claim of ineffective assistance of counsel, but rather as a claim that h[is] guilty plea was not knowing, voluntary, and intelligent. As such, it is procedurally defaulted as a result of petitioner's failure to raise it on direct review." Gao v. United States, 375 F. Supp. 2d 456, 465 (E.D. Va. 2005) (citing Bousley v. United States, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.")). Further, Kelley has failed to show cause or prejudice from failing to raise this claim on direct appeal. Id.

In addition, while under oath during his guilty plea hearing, Kelley stated that no one forced, threatened, or coerced him to plead guilty. (Guilty Plea Tr. 27.) Kelley was advised of the charges, the potential penalties, the elements of the offense, and the rights that he was waiving by pleading guilty. (<u>Id.</u> 22-24.) Moreover, Kelley stated that he had no complaints of his attorney or anyone else in connection with his case. (<u>Id.</u> 12.) Kelley stated that he had enough time to discuss the matter with counsel and was satisfied with his counsel's representation. (<u>Id.</u>) Further, Kelley admitted his guilt multiple times. (<u>Id.</u> 27-28, 41-42.) Based on the foregoing, the court finds that Kelley voluntarily and knowingly pled guilty. As such, this claim is without merit and warrants no further consideration.

It is therefore

**ORDERED** that Kelley's § 2255 motion, docket number 42, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Kelley has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 19, 2010

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.